UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:20 CR 626 HEA |
| v. ) | |
| ) | |
| MARK A. BENNETT, ) | |
| ) | |
| Defendant. ) | |

**GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

**1. PARTIES:**

The parties are the defendant, MARK A. BENNETT, represented by defense, counsel Rachel Korenblat, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2. GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count One of the Indictment, the government agrees that no further federal prosecution will be brought in this District relative to violations of federal law known to the Government at this time.

In addition, the parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. At the time of

1

sentencing, the Government agrees to recommend a sentence of three hundred months (300) in the Federal Bureau of Prisons to run concurrently with cause no. 20SL-CR04430 and to be followed by lifetime supervised release and applicable assessments and restitution. The parties further agree that the defendant may request any available sentence. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

The defendant also agrees, pursuant to the guilty plea to Counts I, to forfeit to the United States all property subject to forfeiture under the applicable statute(s), including but not limited to a CyberPower PC desktop, a USB drive, a Canon digital SLR camera, a Samsung SM-A015AZ cellular telephone, an Alcatel 5085C cellular telephone, a Kodak Easyshare camera, a 32 MG flash drive, a Memorex 128 GB flash drive, and a 16 GB MicroSD card. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

### 3. ELEMENTS:

As to Count One, the defendant admits to knowingly violating Title 18, United States Code, Section 2251(a), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Production of Child Pornography which he admits to knowingly committing and for which he admits there is a factual basis are: (1) defendant knowingly used a minor to engage in sexually explicit conduct, (2) for the purpose of producing a visual depiction of such conduct, and (3) said visual depiction was produced using materials that have been transported in interstate or foreign commerce.

2

**4. FACTS:**

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On December 11, 2019, the defendant attempted to download child pornography from Microsoft's "Bing Image" search engine. Specifically, the defendant sought to download an image file depicting a preadolescent minor wearing only a pair of thigh-high sheer stockings who is sitting on a chair with her legs spread, and whose nude genitals are lasciviously displayed before the camera. Microsoft reported the Defendant's activity as a cyber tip to the National Center for Missing and Exploited Children on December 12, 2019. This cyber tip led to a law enforcement investigation by the St. Louis County Police department and the St. Louis Federal Bureau of Investigation. Law enforcement obtained a search warrant for the residence of the defendant that was executed on September 28, 2020. Law enforcement observed that the Defendant's adopted daughter, A.B., was tearful, nervous and distraught when law enforcement spoke with her. During an initial on-scene review of the defendant's electronics, law enforcement discovered on the defendant's CyberPower computer digital images that the defendant had taken of the defendant sexually abusing A.B. The defendant sexually abused A.B. for multiple years beginning when A.B. no older than ten years of age. During the course of his sexual abuse of A.B., the defendant subjected her to numerous acts of oral sexual intercourse on the defendant in which she was made to place her mouth on his penis, acts of oral sexual intercourse in which she was made to have his mouth on her genitals, and acts of sexual intercourse in which he subjected her to the penetration of her vagina by his penis. The defendant digitally recorded and photographed multiple instances of his sexual abuse of A.B.

3

including the photographing and recording of the aforementioned acts of oral sexual intercourse and sexual intercourse. On his electronics the defendant possessed five hundred and eighty-nine images and videos of his sexual abuse of his daughter A.B. Additionally, on the defendant's CyberPower computer, the Defendant had performed internet search engine searches for "dad-daughter-sex" and "dad fucks daughter." On his electronics the defendant possessed over fifteen hundred files of child sexual abuse material including material depicting children as young as toddlers in addition to the aforementioned images and videos depicting his abuse of A.B. The electronics that the defendant used to record and maintain the images and videos that he produced of his sexual abuse of A.B. were manufactured outside of the state of Missouri and travelled in interstate and/or foreign commerce prior to the defendant's possession of them.

### 5. STATUTORY PENALTIES:

As to Count One, the defendant fully understands that the maximum possible penalty provided by law for the crime of Production of Child Pornography to which he is pleading guilty is imprisonment of not less than fifteen years and not more than thirty years, and a fine of not more than $250,000. The Court may also impose a period of supervised release of not more than life and not less than five years. **The defendant fully understands that the crime to which he is pleading guilty requires a mandatory minimum term of imprisonment of at least fifteen years.** Additionally, assessments, restitution and other costs as set forth more fully below may be ordered in addition to such imprisonment, fine and supervised release.

### 6. U. S. SENTENCING GUIDELINES: 2018 MANUAL:

The defendant understands that this offense is affected by the U. S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and

4

the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

### A. Chapter 2 Offense Conduct:

#### 1. Chapter 2 Offense Conduct, Count One, Production of Child Pornography:

    **(a)** **Base Offense Level:** The parties agree that the base offense level is thirty-two (32) as found in Section 2G2.1(a).

    **(b)** **Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

        (i) four (4) levels should be added pursuant to Section 2G2.1(b)(1)(A) because the offense involved a minor who had "not attained the age of twelve years;"

        (ii) two (2) levels should be added pursuant to Section 2G2.1(b)(2)(B) because the offense "involved the commission of a sexual act or sexual contact;" and

        (iii) four (4) levels should be added pursuant to 2G2.1(b)(4)(A) because the offense "involved material that portrays sadistic or masochistic conduct or other depictions of violence," and

        (iv) two (2) levels should be added pursuant to 2G2.1(b)(5) because the "defendant was a parent, relative, or legal guardian of the minor involved in the offense, or if the minor was otherwise in the custody, care, or supervisory control of the defendant."

5

**B. Chapter 3 Adjustments:** The parties recommend the following adjustments, other than acceptance of responsibility, apply: none.

**(1) Acceptance of Responsibility:** The parties agree that three (3) levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

**(2) Other Adjustments:** The parties agree that the following additional adjustments apply: none.

**C. Estimated Total Offense Level:** The parties estimates that the Total Offense Level is forty-one (41).

**D. Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**E. Effect of Parties' U.S. Sentencing Guidelines Analysis:**

The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion,

6

apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

### 7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute to which the defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute.

**(2) Sentencing Issues:** In the event the Court accepts the plea and sentences the defendant to three hundred (300) months or less, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues. Similarly, the Government hereby waives all rights to appeal all sentencing issues, provided the Court accepts the plea and sentences the defendant to a term of imprisonment of at least three hundred (300) months.

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be

7

sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

## 8. OTHER:

### a. Disclosures Required by the United States Probation Office:

The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

### b. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:

Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

### c. Supervised Release:

Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling, and that defendant not maintain a post office box. In addition, as a condition of supervised release, the defendant shall initially register with the state sex offender registration in Missouri and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

d. **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100 which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before October 1, 2019, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under chapter 110 (relating to sexual exploitation and other abuse of children, including, but not limited to, 18 U.S.C. §2251(a) (production of child pornography).

Additionally, per 18 U.S.C. § 2259A, defendant fully understands that for offenses committed on or after December 7, 2018, the Court may impose an assessment of not more than fifty thousand dollars ($50,000.00).

e. **Possibility of Detention:** The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f. Fines, Restitution and Costs of Incarceration and Supervision:**

9

The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Sections 3663A and 2259, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2259. The amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b) and 2259 and the amount of loss agreed to by the parties, including all relevant conduct loss.

### g. Forfeiture:

The defendant knowingly and voluntarily waives any right, title, and interest in all contraband items and materials seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The items seized that will be returned include, but are not limited to, the following: a CyberPower PC desktop, a USB drive, a Canon digital SLR camera, a Samsung SM-A015AZ cellular telephone, an Alcatel 5085C cellular telephone, a Kodak Easyshare camera, a 32 MG flash drive, a Memorex 128 GB flash drive, and a 16 GB MicroSD card. The defendant agrees that forfeited items may be disposed of by law enforcement officials in any manner.

### 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses charged against the defendant

beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The defendant understands that defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information. Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following

conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

3E

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring or as set forth in Paragraph 2 above.

| | |
|---|---|
| 2/28/22<br>Date | *Jillian S. Anderson*<br>JILLIAN S. ANDERSON<br>Assistant United States Attorney |
| 2-28-22<br>Date | *[signature]*<br>MARK A BENNETT<br>Defendant |
| 2-28-22<br>Date | *[signature]*<br>RACHEL KORENBLAT<br>Attorney for the Defendant |

13